# IN THE UNITED STATES DISTRICT COURT
## EASTERN DIVISION, GREENEVILLE

MARY K. SHAFFER and
husband, DARRELL G. SHAFFER,

    Plaintiffs

V.                                                              No. _____

CAROLE A. DAVIS,
UNIVERSAL ACCEPTANCE CORP.,
JANI-KING FRANCHISING, INC.,
and TENNESSEE FARMERS MUTUAL
INSURANCE CO.,

    Defendants

## COMPLAINT

---

Come the plaintiffs, Mary K. Shaffer and husband, Darrell G. Shaffer, and would

show unto this Honorable Court as follows:

### JURISDICTION

1.      Plaintiffs, Mary K. Shaffer and Darrell G. Shaffer, are a citizens and residents

of Hawkins County, currently residing at 457 Fudges Chapel Road, Surgoinsville, TN

37873.

2.      The defendant, Carole A. Davis, is a citizen and resident of Texas, currently

residing at 16703 Rustic Meadows Drive, Dallas, Texas 75287.

3.      The defendant, Universal Acceptance Corporation, is a foreign corporation

whose registered agent for service of process is C.M. Gatton, 10th and State, Bristol, TN 37620.

4.      The defendant, Jani-King Franchising, Inc., is a foreign corporation licensed to do business in the State of Tennessee whose registered agent for service of process is CT Corporation System, 530 Gay Street, Knoxville, TN 37902.

5.      Tennessee Farmers Mutual Insurance Company is a company licensed to sell insurance in the State of Tennessee and can be served through the Commissioner of Insurance.  The plaintiffs have an insurance policy through Tennessee Farmers Mutual Insurance Company that includes uninsured/under-insured insurance coverage.  Upon information and belief, the defendants may not have sufficient insurance to adequately cover the plaintiffs' damages and therefore Tennessee Farmers is being named for purposes of providing coverage pursuant to the under-insured portion of the plaintiffs' policy.

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332, the parties being citizens of different states, and the amount in controversy in excess of $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

7.      On or about April 3, 2005, the defendant was backing out from a parking space at a parking lot adjacent to Gate 16 at Bristol Motor Speedway in Bristol, Tennessee. The defendant backed up a distance in excess of 50 feet  when she struck the plaintiff, Mary K. Shaffer, with the rear of her vehicle as the plaintiff was walking into Gate 16.

## CAUSE OF ACTION

8.     The plaintiffs aver that the proximate cause of this accident were the following acts of negligence on the part of the defendant, Davis:

A.     Failing to maintain her automobile under proper control;

B.     Failing to maintain a proper lookout;

C.     Failing to yield to a pedestrian

9.     The plaintiffs further aver that the proximate cause of this accident was the defendant, Davis's violation of the following statutes of the State of Tennessee, constituting negligence per se:

*Tennessee Code Annotated* Section 55-10-205.  Reckless driving. -- (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

*Tennessee Code Annotated* Section 55-8-163.  Backing. - The driver of a vehicle shall not back such vehicle unless such movements can be made with reasonable safety and without interfering with other traffic.

*Tennessee Code Annotated* Section 55-8-136.  Due care. - Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary...

10.     The plaintiffs aver that upon information and belief at the time of this accident the defendant Davis was operating a vehicle owned by and/or rented from the defendant, Universal Acceptance Corporation, with its implied or expressed permission and as such plaintiffs aver that the defendant, Universal Acceptance Corporation, is liable to them, for their damages under the alternate theories of respondeat superior and/or agency.

11.     The plaintiffs aver upon information and belief that at the time of the accident the defendant, Carole A. Davis, was employed by the defendant, Jani-King Franchising, Inc. and was acting in the course and scope of her employment at the time of the accident and therefore the defendant, Jani-King Franchising, Inc., is liable to the plaintiffs under the alternate theories of respondeat superior and/or agency. .

12      The plaintiffs aver that the wilful, wanton and grossly negligent actions of the defendants entitle the plaintiffs to recover punitive damages.

13.     As a direct and proximate result of the defendant's negligent, wilful, wanton and reckless acts, the plaintiff Mary K. Shaffer suffered serious painful and permanent bodily injury, loss of wages, impairment of earning capacity, past and future medical expenses, impairment of the enjoyment of life, and pain and suffering.

14.     The plaintiff, Darrell G. Shaffer, avers that as a direct result of the injuries wrongfully inflicted upon his wife, he has lost her valuable services and lawful consortium, become liable for medical bills, all as a direct and proximate result of the gross, wilful and wanton negligence of said defendants.

**WHEREFORE**, plaintiffs pray for an Order of this Court granting judgment against the defendants in the amount of $500,000.00 compensatory damages and $100,000.00 punitive damages. The plaintiffs further pray for such other general and further relief to

which they may show themselves entitled to upon a hearing of this cause.  The plaintiffs

respectfully requests that a jury try their cause.

Respectfully submitted,

s/Thomas C. Jessee
Thomas C. Jessee (BPR 000113)
JESSEE & JESSEE
Post Office Box 997
Johnson City, TN 37602
(423) 928-7175

s/Thomas Dossett
Thomas Dossett (BPR 00595)
Todd & Dossett
134 W. Center Street
Kingsport, TN 37660
423-245-1111